# SHERIFF'S ENTRY OF SERVICE

FORSYTH County, Georgia

Civil Action No. 25SC-1086-A
Date Filed 04/07/25 02:04 PM

Superior Court ☐
State Court ☒

Attorney's address and email

Lee, Christopher
CS Law LLC
10 glenlake parkway
suite 130
atlanta, GEORGIA 30328-
chris@cslawfirmllc.com

Navarette, Evelyn

Plaintiff(s)

Walmart, Inc., DBA c/o The Corporation Company

Defendant(s)

Name and address of party to be served

Walmart, Inc.
410 Peachtree Parkway Suite 4245
Cumming, GEORGIA 30041

Garnishee

☐ **(PERSONAL)** I have this day served the defendant ______________ personally with a copy of the within action and summons.

☐ **(NOTORIOUS)** I have this day served the defendant ______________ by leaving a copy of the action and summons and complaint at defendant's most notorious place of abode in this county.
I delivered the summons and complaint into hands of ______________ described as follows: Age, about ______ years; weight, about _____ pounds; height, about ____ feet and ____ inches, domiciled at the residence of defendant.

☑ **(CORPORATION)** Served the defendant The Corporation Co, a corporation, by leaving a copy of the within action and summons with Pat Stanley in charge of the corporation's office and place of doing business of said corporation in this county.

☐ **(TACK & MAIL)** I have this day served the above styled affidavit and summons on the defendant(s) by posting a copy of the same to the door of the premises designated in said affidavit, and on the same day of such posting by depositing a true copy of same in the United States Mail, First Class in an envelope properly addressed to the defendant(s) at the address shown in said summons, with adequate postage affixed thereon containing notice to the defendant(s) to answer said summons at the place stated in the summons.

☐ **(NON EST)** I made a diligent search, and I did not find the defendant ______________ in the jurisdiction of this Court.

This 10 day of April, 2025.

Baldwin-3409
Deputy Sheriff

**EXHIBIT "B"**

# IN THE STATE COURT OF FORSYTH COUNTY
# STATE OF GEORGIA

EFILED IN OFFICE
CLERK OF STATE COURT
FORSYTH COUNTY, GEORGIA
**25SC-1086-A**
**Judge James A Dunn**
**APR 07, 2025 02:04 PM**

Greg G. Allen, Clerk
Forsyth County, Georgia

CIVIL ACTION NUMBER 25SC-1086-A

Navarette, Evelyn

**PLAINTIFF**

**VS.**

Walmart, Inc., DBA c/o The Corporation Company

**DEFENDANT**

**SUMMONS**

TO: WALMART, INC.

You are hereby required to file with the Clerk of said court and serve upon the plaintiff or plaintiff's attorney, whose name, address and email address are:

**Christopher Lee**
**CS Law LLC**
**10 glenlake parkway**
**suite 130**
**atlanta, Georgia 30328**
**chris@cslawfirmllc.com**

an answer to the complaint which is herewith served upon you. You must make your answer within 30 days after service of this summons upon you. This time excludes the day of service. If you fail to answer, the court will issue a default judgment against you for the relief sought in the complaint.

If this action pertains to a Protective Order, the answer is to be filed and served on or before the scheduled hearing date attached.

**This 7th day of April, 2025.**

Clerk of State Court

Greg G. Allen, Clerk
Forsyth County, Georgia

EFILED IN OFFICE
CLERK OF STATE COURT
FORSYTH COUNTY, GEORGIA
25SC-1086-A
Judge James A Dunn
APR 07, 2025 02:04 PM
Greg G. Allen, Clerk
Forsyth County, Georgia

IN THE STATE COURT OF FORSYTH COUNTY
STATE OF GEORGIA

| | |
|---|---|
| EVELYN NAVARETTE,<br><br>PLAINTIFF,<br><br>v.<br><br>WALMART, INC.<br><br>DEFENDANT. | CIVIL ACTION<br>FILE NO.: |

**COMPLAINT FOR INJURIES**

**COMES NOW,** Plaintiff TERRA KEYES ("Plaintiff"), in the above-styled civil action and brings this Complaint against the above-named Defendant, and in support hereof, shows the Court as follows:

**PARTIES AND JURISDICTION**

1. Plaintiff EVELYN NAVARETTE resides in the county of Gwinnett, Georgia and is subject to the jurisdiction of this court.

2. Defendant WALMART, INC ("Walmart") is a foreign corporation authorized to do business in the State of Georgia, with a principal office located in Bentonville, Arizona and is subject to the jurisdiction of this Court pursuant to pursuant to O.C.G.A. §14-2-510(b)(1). Walmart may be served by issuing Summons and Complaint to its registered agent for service, **The Corporation Company**, Park, located at **410 Peachtree Parkway Suite 4245, Cumming, GA, 30041, USA.**

3. Venue in the present case is proper in Forsyth County, Georgia.

4. Pursuant to O.C.G.A. § 9-3-33, actions for injuries to the person shall be brought within two years after the right of action accrues. This action is brought before the two-year limitation.

## BACKGROUND

5. On or about July 23, 2024, Walmart owned and/or occupied the Walmart retail store no. 745, located at 5600 N Henry Blvd, Stockbridge, GA 30281 (the "Premises")

6. On or about July 23, 2024, Plaintiff entered the Premises for the purpose of shopping.

7. On or about July 23, 2024, upon entering the Premises for the purpose of shopping therein, Plaintiff assumed the legal status of an invitee, as the term is defined under Georgia Law.

## COUNT I:
## Negligence
## (Defendant Walmart)

8. On or about July 23, 2024, Plaintiff was an invitee at the Premises.

9. As Plaintiff was walking down aisle 6B, she slipped and fell due to a liquid on the floor of the Premises.

10. As a result of the aforementioned fall, Plaintiff suffered serious injuries.

11. At all times relevant hereto, Walmart owned and/or managed and/or operated the Premises and owed a legal duty of reasonable care to invitees to inspect and keep the Premises in a safe condition and to warn Plaintiff of hidden dangers or defects that were not discoverable in the exercise of reasonable care.

12. At all times relevant hereto, Defendant Walmart, by and through its employees, lessees, and/or agents, had actual and/or constructive knowledge of the hazardous condition of the unsafe and dangerous condition of the floor prior to Plaintiff s fall.

13. At all times relevant hereto, Plaintiff had no knowledge of the unsafe and dangerous condition of the floor of the Premises, and it was not discoverable by Plaintiff in the exercise of reasonable and ordinary care.

14. At all times relevant hereto, Plaintiff exercised reasonable care for her own safety.

15. At all times relevant hereto, Defendant Walmart breached its duty of reasonable care in one or more of the following manners:

a. Walmart failed to inspect the Premises for dangerous conditions;

b. Walmart failed to warn patrons of a dangerous condition it knew or should have known existed at the Premises; and

c. Walmart failed to clean up said dangerous condition on the floor of the Premises when it knew or should have known said conditions existed.

16. As a result of the foregoing, Defendant Walmart breached its legal duty to Plaintiff, in violation of O.C.G.A § 51-3-1.

17. As a direct and proximate result of the aforesaid breaches of duty and negligence by Defendant Walmart, Plaintiff slipped in the liquid substance and fell, suffering personal injuries. Plaintiff has incurred medical expenses and lost wages, in addition to past and future mental and physical pain and suffering, future medical expenses, and future lost wages.

18. By reason of the foregoing, Plaintiff is entitled to recover compensatory damages from Defendant Walmart in an amount to be proven at trial.

**WHEREFORE**, Plaintiff prays respectfully request:

1. Process issue as provided by law;
2. Trial by jury against Defendant Walmart;
3. Judgment be award to Plaintiff and against Defendant Walmart;
4. Plaintiff be awarded for all past medical bills as plead;
5. Plaintiff be awarded additional damages in amounts to be shown at trial;
6. Plaintiff be awarded punitive damages in amounts to be determined by the jury;
7. Plaintiff have such other relief as this Court deems just and appropriate.

Submitted, Monday, April 7, 2025.

**CS LAW LLC**

*/s/ Christopher S. Lee, Esq.*
Christopher S. Lee
Georgia Bar No. 621342
Attorney for Plaintiff

10 Glenlake Parkway
Suite 130
Atlanta, Georgia 30328
Phone: (770) 376-5314
Email: chris@cslawfirmllc.com

EFILED IN OFFICE
CLERK OF STATE COURT
FORSYTH COUNTY, GEORGIA
25SC-1086-A
Judge James A Dunn
MAY 09, 2025 11:52 AM
Greg G. Allen, Clerk
Forsyth County, Georgia

IN THE STATE COURT OF FORSYTH COUNTY
STATE OF GEORGIA

EVELYN NAVARETTE

Plaintiff,

v.

WALMART INC.

Defendant.

______________________________/

Civil Action File No.
25SC-1086-A

ANSWER OF DEFENDANT

COMES NOW, Defendant WALMART INC. and makes this Answer to Plaintiff's Complaint as follows:

FIRST DEFENSE

Plaintiff's Complaint fails to state a claim against Defendant upon which relief can be granted.

SECOND DEFENSE

Plaintiff's alleged damages, if any, were directly and proximately caused by Plaintiff's own contributory negligence and failure to exercise ordinary care.

THIRD DEFENSE

Plaintiff was not in the exercise of ordinary care for her own safety in the premises, and by the exercise of ordinary care could have avoided any injury to herself; and on account thereof, Plaintiff is not entitled to recover from Defendant.

FOURTH DEFENSE

Defendant denies that it was negligent in any manner whatsoever or that any negligent act or omission on its part caused or contributed to any injury or damage alleged to have been sustained by Plaintiff.

FIFTH DEFENSE

Plaintiff assumed the risk of any hazard that was presented and is thereby barred from recovering against Defendant.

SIXTH DEFENSE

Plaintiffs claim for punitive damages is barred as a matter of law.

SEVENTH DEFENSE

The statutes of the State of Georgia which authorize the imposition of aggravated, exemplary, or punitive damages are contrary, by their express terms and as they may be applied to the Defendant in this case, to the Constitution of the United States of America, and the Georgia Constitution and are, therefore, void inasmuch as said statutes allow for the deprivation of property without due process of law. (U.S. Const. amends V and XIV; Ga. Const. Art. 1, Section 1, Para. 1). Specifically, said statutes fail to define or provide advance notice of the prohibited behavior with reasonable clarity, fail to specify the upper limit of damages to be imposed, fail to set standards or criteria for the jury to apply in

determining whether to impose punitive damages and, if so, the amount thereof. These defects in the statutes, inter alia, leave to the unbridled discretion of a random jury whether to impose such damages and the amount thereof, thereby authorizing an award of aggravated, exemplary, or punitive damages which is unpredictable, arbitrary, capricious, and disproportionate.

EIGHTH DEFENSE

The statutes of the State of Georgia which authorize the imposition of aggravated, exemplary, or punitive damages are contrary, by their express terms and as they may be applied to the Defendant in this case, to the Constitution of the United States of America, and the Georgia Constitution and are, therefore, void inasmuch as said statutes deny this Defendant equal protection of the laws by providing fewer protections for civil litigants than the criminal laws provide to persons accused of violation of criminal statutes which provide for the imposition of monetary fines. (U.S. Const. Amend. XIV, Ga. Const. Art. 1, Section 1, Para. 2). Specifically, said statutes inter alia, fail to define or provide advance notice of the prohibited behavior with reasonably clarity whereas criminal defendants are entitled to such notice; said statutes fail to specify the upper limit of damages to be imposed whereas criminal statutes imposing similar penalties must be limited; said statutes allow imposition of such damages upon the "preponderance of the

evidence" rather than the "beyond a reasonable doubt" standard applied in similar criminal cases; and said statutes contemplate the imposition of such damages against civil litigants who have been compelled to give evidence against themselves under the Georgia Civil Practice Act whereas criminal defendants in similar cases cannot be so compelled.

## NINTH DEFENSE

The statutes of the State of Georgia which authorize the imposition of aggravated, exemplary, or punitive damages are contrary, by their express terms and as they may be applied to the Defendant in this case, to the Constitution of the United States of America, and the Georgia Constitution and are, therefore, void inasmuch as said statutes allow for the imposition of an excessive fine. (U.S. Const. Amend. VIII and XIV; Ga. Const. Art. 1, Section 1, Para. 1.)

## TENTH DEFENSE

The statutes of the State of Georgia which authorize the imposition of aggravated, exemplary, or punitive damages are contrary, by their express terms and as they may be applied to the Defendant in this case, to the Constitution of the United States of America, and the Georgia Constitution and are, therefore, void inasmuch as said statutes do not provide fair notice of (1) the severity of the potential punishment in relationship to the alleged degree of reprehensible

conduct of Defendant, (2) the ratio of punitive damages award to the actual harm inflicted upon the Plaintiff, and (3) a comparison between the award and the civil or criminal penalties that could be imposed for comparable alleged misconduct. See BMW of North America, Inc. v. Gore, 116 U.S. 415, 133 L.Ed.2d 333, 115 S.Ct. 932 (1966); BMW of North America, Inc. v. Gore, 116 S.Ct. 1589 (1996); and Pacific Mutual Life Ins. Co. v. Haslip, 499 U.S. 1, 113 L.Ed.2d 1, 111 S.Ct. 1032 (1991).

ELEVENTH DEFENSE

Defendant responds to the enumerated paragraphs of Plaintiff's Complaint as follows:

1.

Defendant lacks sufficient information to either admit or deny the allegations contained in paragraph 1 of the Plaintiff's Complaint.

2.

Defendant admits that it may be served through its registered agent The Corporation Company. Defendant denies the remaining allegations contained in paragraph 2 of Plaintiff's Complaint, as stated.

3.

Defendant denies the allegations contained in paragraph 3 of the Plaintiff's Complaint.

4.

Defendant admits the allegations contained in paragraph 4 of the Plaintiff's Complaint.

**BACKGROUND**

5.

Defendant denies the allegations contained in paragraph 5 of the Plaintiff's Complaint.

6.

Defendant lacks sufficient information to either admit or deny the allegations contained in paragraph 6 of the Plaintiff's Complaint.

7.

Defendant denies the allegations contained in paragraph 7 of the Plaintiff's Complaint.

**COUNT I:**
**Negligence**
**(Defendant Walmart)**

8.

Defendant denies the allegations contained in paragraph 8 of the Plaintiff's Complaint.

9.

Defendant denies the allegations contained in paragraph 9 of the Plaintiff's Complaint.

10.

Defendant denies the allegations contained in paragraph 10 of Plaintiff's Complaint.

11.

Defendant denies the allegations contained in paragraph 11 of Plaintiff's Complaint.

12.

Defendant denies the allegations contained in paragraph 12 of the Plaintiff's Complaint.

13.

Defendant denies the allegations contained in paragraph 13 of the Plaintiff's Complaint.

14.

Defendant denies the allegations contained in paragraph 14 of the Plaintiff's Complaint.

15.

Defendant denies the allegations contained in paragraph 15 including subparts a., b., and c. of the Plaintiff's Complaint.

16.

Defendant denies the allegations contained in paragraph 16 of the Plaintiff's Complaint.

17.

Defendant denies the allegations contained in paragraph 17 of the Plaintiff's Complaint.

18.

Defendant denies the allegations contained in paragraph 18 of the Plaintiff's Complaint.

19.

All other allegations contained in the Complaint which are not specifically responded to herein, are, therefore, denied.

20.

Defendant denies Plaintiff's prayer for relief, including subparagraphs 1., 2., 3., 4., 5., 6., and 7. thereof.

WHEREFORE, Defendant prays that Plaintiff's Complaint be dismissed

with all costs cast upon the Plaintiff. DEFENDANT DEMANDS TRIAL BY A JURY OF TWELVE (12) PERSONS AS TO ALL ISSUES SO TRIABLE.

McLAIN & MERRITT, P.C.

/s/ Nicholas E. Deeb
Nicholas E. Deeb
Georgia Bar No. 117025
Attorney for Defendant
WALMART INC.

3445 Peachtree Road, N.E., Suite 500
Atlanta GA 30326
(404) 365-4535
(404) 364-3138 (fax)
ndeeb@mmatllaw.com

CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing ANSWER OF DEFENDANT WALMART INC. has this day been filed and served upon opposing counsel via Peach Court E-File.

This 9th day of May, 2025.

McLAIN & MERRITT, P.C.

/s/ Nicholas E. Deeb
Nicholas E. Deeb
Georgia Bar No. 117025
Attorney for Defendant
WALMART INC.

3445 Peachtree Road, N.E., Suite 500
Atlanta GA 30326
(404) 365-4535
(404) 364-3138 (fax)
ndeeb@mmatllaw.com

EFILED IN OFFICE
CLERK OF STATE COURT
FORSYTH COUNTY, GEORGIA
25SC-1086-A
Judge James A Dunn
MAY 09, 2025 11:52 AM
Greg G. Allen, Clerk
Forsyth County, Georgia

IN THE STATE COURT OF FORSYTH COUNTY
STATE OF GEORGIA

EVELYN NAVARETTE

Plaintiff,

v.

WALMART, INC.

Defendant.

______________________________/

Civil Action File No.
245SC-1086-A

**CERTIFICATE REGARDING DISCOVERY**

Pursuant to Uniform State Court Rule 5.2, as amended, the undersigned hereby certifies that the following discovery has been served upon all persons identified in the Certificate of Service attached hereto and incorporated herein by reference:

1) REQUEST FOR ADMISSIONS TO PLAINTIFF; and

2) INTERROGATORIES AND REQUEST FOR PRODUCTION TO PLAINTIFF

McLAIN & MERRITT, P.C.

*/s/ Nicholas E. Deeb*

Nicholas E. Deeb
Georgia Bar No. 117025
Attorney for Defendant
WALMART, INC.

3445 Peachtree Road, N.E., Suite 500
Atlanta GA 30326
(404) 365-4535; (404) 364-3138 (fax)
ndeeb@mmatllaw.com

CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing **CERTIFICATE REGARDING DISCOVERY** has this day been filed and served upon opposing counsel via Peachcourt E-File.

This 9th day of May, 2025.

McLAIN & MERRITT, P.C.

*/s/ Nicholas E. Deeb*
Nicholas E. Deeb
Georgia Bar No. 117025
Attorney for Defendant
WALMART, INC.

3445 Peachtree Road, N.E., Suite 500
Atlanta, GA 30326
(404) 365-4535
(404) 364-3138 (fax)
ndeeb@mmatllaw.com

EFILED IN OFFICE
CLERK OF STATE COURT
FORSYTH COUNTY, GEORGIA
25SC-1086-A
Judge James A Dunn
MAY 09, 2025 11:52 AM
Greg G. Allen, Clerk
Forsyth County, Georgia

IN THE STATE COURT OF FORSYTH COUNTY
STATE OF GEORGIA

EVELYN NAVARETTE

Plaintiff,

v.

WALMART, INC.

Defendant.

_______________________________/

Civil Action File No. 25SC-1086-A

**12-PERSON JURY DEMAND**

COMES NOW Defendant, WAL-MART STORES EAST, LP and demands a trial by a jury of twelve (12) persons.

McLAIN & MERRITT, P.C.

*/s/ Nicholas E. Deeb*
Nicholas E. Deeb
Georgia Bar No. 117025
Attorney for Defendant
WALMART, INC.

3445 Peachtree Road, N.E., Suite 500
Atlanta GA 30326
(404) 365-4535
(404) 364-3138 (fax)
ndeeb@mmatllaw.com

CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing **12-PERSON JURY DEMAND** has this day been filed and served upon opposing counsel via Peachcourt E-File.

This 9th day of May, 2025.

McLAIN & MERRITT, P.C.

*/s/ Nicholas E. Deeb*
Nicholas E. Deeb
Georgia Bar No. 117025
Attorney for Defendant
WALMART, INC.

3445 Peachtree Road, N.E., Suite 500
Atlanta GA 30326
(404) 365-4535
(404) 364-3138 (fax)
ndeeb@mmatllaw.com

EFILED IN OFFICE
CLERK OF STATE COURT
FORSYTH COUNTY, GEORGIA
25SC-1086-A
Judge James A Dunn
MAY 09, 2025 11:52 AM
Greg G. Allen, Clerk
Forsyth County, Georgia

IN THE STATE COURT OF FORSYTH COUNTY
STATE OF GEORGIA

EVELYN NAVARETTE

Plaintiff,

v.

WALMART, INC.

Defendant.

Civil Action File No. 25SC-1086-A

___________________________________/

**NOTICE OF LEAVE OF ABSENCE**

**COMES NOW,** Nicholas E. Deeb and respectfully notifies all Judges before whom he has this case pending, all affected Clerks of Court, and all opposing counsel, that he will be on leave pursuant to Georgia Uniform Court Rule 16.1. The periods of leave during which time Applicant will be away from the practice of law are:

- June 19, 2025 through June 23, 2025
- December 22, 2025 through January 2, 2026

Applicant states he will be at a family event (out-of-state) and Christmas holiday (out-of-state) and will be unable to participate in trials, hearings, depositions and other legal proceedings during this period.

Under the Rule, opposing counsel shall have 10 days from the date of this Notice to object. If no objections are filed, the Leave of Absence will stand granted.

McLAIN & MERRITT, PC

/s/ Nicholas E. Deeb

Nicholas E. Deeb
GA Bar No. 117025
Attorney for Defendant

3445 Peachtree Road, NE, Suite 500
Atlanta, GA 30326
(404) 365-4535
ndeeb@mmatllaw.com

## CERTIFICATE OF SERVICE

This is to certify that on this day, May 9, 2025, I electronically filed the **NOTICE OF LEAVE OF ABSENCE** with the Clerk of Court via PeachCourt E-File which will automatically send email notification of such filing to attorneys of record.

McLAIN & MERRITT, PC

/s/ Nicholas E. Deeb
Nicholas E. Deeb
GA Bar No. 117025
Attorney for Defendants

3445 Peachtree Road, NE, Suite 500
Atlanta, GA 30326
(404) 365-4535
;ndeeb@mmatllaw.com

EFILED IN OFFICE
CLERK OF STATE COURT
FORSYTH COUNTY, GEORGIA
25SC-1086-A
Judge James A Dunn
MAY 09, 2025 11:52 AM
Greg G. Allen, Clerk
Forsyth County, Georgia

IN THE STATE COURT OF FORSYTH COUNTY
STATE OF GEORGIA

EVELYN NAVARETTE

Plaintiff,

v.

WALMART, INC.

Defendant.

Civil Action File No.
24=5SC-1086-A

## NOTICE OF TAKING DEPOSITION

YOU ARE HEREBY notified that beginning on August 11, 2025, commencing at 11:00 a.m., at the Law Office of CS Law LLC, 10 Glenlake Parkway, Suite 130, Atlanta, GA, the deposition will be taken of Evelyn Navarette. Said deposition will be taken for purposes of discovery and all other purposes provided by law before an officer duly authorized to administer oaths. The deposition shall continue from day-to-day until completion. This deposition may also be videotaped by a videographer.

McLAIN & MERRITT, P.C.

/s/ Nicholas E. Deeb
Nicholas E. Deeb
Georgia Bar No. 117025
Attorney for Defendant
WALMART, INC.

3445 Peachtree Road, N.E., Suite 500
Atlanta GA 30326
(404) 365-4535; ndeeb@mmatllaw.com

CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing NOTICE OF TAKING DEPOSITION has this day been filed and served upon opposing counsel via Peach Court E-File.

This 9th day of May, 2025.

McLAIN & MERRITT, P.C.

/s/ Nicholas E. Deeb
Nicholas E. Deeb
Georgia Bar No. 117025
Attorney for Defendant
WALMART, INC.

3445 Peachtree Road, N.E., Suite 500
Atlanta, GA 30326
(404) 365-4535
(404) 364-3138 (fax)
ndeeb@mmatllaw.com

EFILED IN OFFICE
CLERK OF STATE COURT
FORSYTH COUNTY, GEORGIA
25SC-1086-A
Judge James A Dunn
JUN 05, 2025 02:32 AM
Greg G. Allen, Clerk
Forsyth County, Georgia

IN THE STATE COURT OF FORSYTH COUNTY
STATE OF GEORGIA

EVELYN NAVARETTE,

PLAINTIFF,

v.

WALMART, INC.

DEFENDANT.

CIVIL ACTION
FILE NO.: 24-5SC-1086-A

**RULE 5.2 CERTIFICATE OF DISCOVERY MATERIALS**

COMES NOW, Plaintiff, EVELYN NAVARETTE, in the above styled action by and through his Counsel of Record and certifies pursuant to Uniform Superior Court Rule 5.2 (2) that true and correct copies of:

1. **PLAINTIFF'S FIRST INTERROGATORIES AND REQUEST FOR PRODUCTION TO DEFENDANT WALMART INC.**

The referenced discovery has been served upon all parties to this matter by Statutory Electronic Service:

Nicholas Deeb
McClain & Merritt, PC
ndeeb@mmatllaw.com

This 5th day of June, 2025.

**CS LAW LLC**

*/s/ Christopher S. Lee, Esq.*
Christopher S. Lee
Georgia Bar No. 621342
Attorney for Plaintiff

10 Glenlake Parkway
Suite 130
Atlanta, Georgia 30328
Phone: (770) 376-5314

EFILED IN OFFICE
CLERK OF STATE COURT
FORSYTH COUNTY, GEORGIA
25SC-1086-A
Judge James A Dunn
JUN 19, 2025 02:40 PM
Greg G. Allen, Clerk
Forsyth County, Georgia

IN THE STATE COURT OF FORSYTH COUNTY
STATE OF GEORGIA

| | |
|---|---|
| EVELYN NAVARETTE,<br><br>PLAINTIFF,<br><br>v.<br><br>WALMART, INC.<br><br>DEFENDANT. | CIVIL ACTION<br>FILE NO.: 24-5SC-1086-A |

**RULE 5.2 CERTIFICATE OF DISCOVERY MATERIALS**

COMES NOW, Plaintiff, EVELYN NAVARETTE, in the above styled action by and through his Counsel of Record and certifies pursuant to Uniform Superior Court Rule 5.2 (2) that true and correct copies of:

1. **PLAINTIFF'S RESPONSES TO DEFENDANT'S FIRST INTERROGATORIES AND REQUEST FOR PRODUCTION.**
2. **PLAINTIFF'S RESPONSES TO DEFENDANT'S FIRST REQUEST FOR ADMISSIONS.**

The referenced discovery has been served upon all parties to this matter by Statutory Electronic Service:

Nicholas Deeb
McClain & Merritt, PC
ndeeb@mmatllaw.com

This 19th day of June, 2025.

**CS LAW LLC**

*/s/ Christopher S. Lee, Esq.*
Christopher S. Lee
Georgia Bar No. 621342
Attorney for Plaintiff

10 Glenlake Parkway
Suite 130
Atlanta, Georgia 30328
Phone: (770) 376-5314